**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CHAPTER 13 PLAN**

**Debtor(s)**   Eleanor A. Barsdis   **Case No**: _____

[ # _____ **Amended** (if applicable)] Chapter 13 Plan

**CHECK ONE**:

__xx__ The Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

____ The Plan contains provisions that are specific to this Plan in Additional Provisions, paragraph 8(e) below. Any nonconforming provisions not set forth in paragraph 8(e) are deemed stricken.

1. **MONTHLY PLAN PAYMENTS**: Plan payments include the Trustee's fee of 10% and shall begin thirty (30) days from filing/conversion date. The Debtor shall make payments to the Trustee for the period of  60  months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditors pro rata under the plan:

A. $ 206.00  for months   1   through     60    ;
B. $_____ for months _____ through _____;
C. $_____ for months _____ through _____;

in order to pay the following creditors:

2. **ADMINISTRATIVE ATTORNEY FEE**: $ 4,100.00    TOTAL PAID $ 400.00

Balance Due $ 3,700.00        Payable Through Plan $ 180.00    Monthly

3. **PRIORITY CLAIMS** [as defined in 11 U.S.C. §507]:

**Name of Creditor**                                            **Total Claim**

4. **TRUSTEE FEES**: Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

- 1 -

- 2 -

5. **SECURED CLAIMS**:

Pre-Confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. To the extent the Debtor makes such pre-confirmation payments, secured creditors who have filed proofs of claim prior to the claims bar date or within 14 days from the date of an order converting or dismissing this case, whichever date is earlier, shall have an administrative lien on such payment(s), pro rata with other secured creditors, subject to objection by the Debtor or Trustee.

**(A) Claims Secured by Real Property Which Debtor Intends to Retain/Mortgage Payments and Arrears, If Any, Paid through the Plan**: If the Plan provides for the curing of prepetition arrearages on a mortgage, the Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| **Name of Creditor** | **Collateral** | **Regular Monthly Pmt.** | **Arrearages** (if any) |
|---|---|---|---|
| | | | |

**(B) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification**: Pending the resolution of a mortgage modification request, the Debtor shall make the following adequate protection payments to the Trustee, calculated at 31% of the Debtor's gross monthly income. Absent further order of this Court, the automatic stay shall terminate effective 6 months after the filing of the Debtor's bankruptcy petition:

| **Name of Creditor** | **Collateral** | **Payment Amt (at 31%)** |
|---|---|---|
| | | |

**(C) Liens to be Avoided/Stripped**:

| **Name of Creditor** | **Collateral** | **Estimated Amount** |
|---|---|---|
| | | |

**(D) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES**: Pursuant to 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by the Debtor's principal residence. The secured portion of the claim, estimated below, and to be determined in connection with a motion to determine secured status, shall be paid as follows:

| **Creditor** | **Collateral** | **Value** | **Payment** | **Interest @ ___%** |
|---|---|---|---|---|
| | | | | |

**(E) Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY**: Claims of the following secured creditors shall be paid in full with interest at the rate set forth below as follows.
**Creditor               Collateral           Value          Payment      Interest @ ___%**

**(F) Claims Secured by Personal Property / Regular Payments and Arrearages, if any, Paid in Plan**:
**Name of Creditor              Collateral              Regular Payment           Arrearages**

**(G) Secured Claims/Lease Claims Paid Direct by the Debtor**: The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan. The automatic stay and any codebtor stay are terminated in rem as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate the Debtor's state law contract rights. The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.
**Name of Creditor                           Property/Collateral**
BMO Harris Bank     Real Property Located at: 706 Radford Pl., Sun City Ctr., FL

**(H) Secured Claims/Lease Claims Not Provided for Under the Plan**: The following secured claims/leased claims are not provided for under the Plan. As such the automatic stay and any codebtor stay do not apply and the Debtor's liability to the creditor is NOT DISCHARGED under the Plan. Nothing herein is intended to abrogate the Debtor's state law contract rights.
 **Name of Creditor                           Property/Collateral**

**(I) Surrender of Collateral/Leased Property**: Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay and any codebtor stay are terminated in rem as to these creditors and lessors upon the filing of this Plan. The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.
**Name of Creditor                           Property/Collateral to be Surrendered**

6. **LEASES/EXECUTORY CONTRACTS**:
**Name of Creditor     Property     Assume/Reject-Surrender   Estimated Arrears**

7. **GENERAL UNSECURED CREDITORS**: General unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is $7,397.00        .

8. **ADDITIONAL PROVISIONS**:

(a) Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

(b) Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court.

(c) Property of the estate (check one)*

    (1) __xx__ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

    (2) _____ shall vest in the Debtor upon confirmation of the Plan.

*If the Debtor fails to check (a) or (b) above, or if the Debtor checks both (a) and (b), property of the estate shall not vest in the Debtor until the earlier of the Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

(d) The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise.

(e) Case Specific Provisions:

__/s/ Eleanor A. Barsdis__              Dated: 12/17/2014
Eleanor A. Barsdis

Revised 06/01/2014 (cbt)